# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1889V

|  |  |
|---|---|
| BROOKE GORZELANCZYK,<br><br>　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 3, 2026 |

*Jonathan J. Svitak, Shannon Law Group, P.C., Woodridge, IL,, for Petitioner.*

*Ryan D. Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 15, 2024, Brooke Gorzelanczyk filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a syncopal episode resulting in injuries and permanent disfigurement to her face, nose, and teeth as a result of receiving meningococcal and/or human papillomavirus vaccines on August 8, 2023. Petition, ECF No. 1. On September 11, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 21.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $29,814.68 ($28,920.00 in fees plus $894.68 in costs). Application for Attorney's Fees and Costs ("Motion") filed September 25, 2025, ECF No. 25. Furthermore, counsel represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 25 at 2.

Respondent reacted to the fees motion on September 29, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case and deferring resolution of the amount to be awarded to my discretion. ECF No. 26 at 2-4. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### ATTORNEY FEES AND COSTS
*A. Hourly Rates*

The hourly rates requested by attorney Jonathan Svitak and his supporting paralegals for all time billed herein are reasonable and consistent with prior determinations, and shall be applied. Petitioner also requests that I utilize the following hourly rates for work performed by attorney Brian Conneranweig: $563.00 for time billed in 2024, and $606.00 for time billed in 2025. These rates require adjustment.

Mr. Conneranweig stated that he was admitted to the North Dakota Bar in 1995, the Illinois Bar in 2000, and admitted to this Court in 2024. ECF No. 25-5. As such, Mr. Conneranweig is eligible for in-forum rates within the ranges of attorneys with 20-30 years of experience, as set forth in the OSM Attorneys' Fee Schedules.[3] However, he is not eligible to receive rates on the highest end of these ranges, due to his lack of experience handling Vaccine Act matters. Experience representing Petitioners in the Program is highly relevant to determine a reasonable hourly rate. *See McCulloch* v. *Sec'y of Health and Human Services,* No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

As such, it would be improper to award Mr. Conneranweig the highest hourly rate in the Fee schedules for 2024-25, when those rates are reserved for attorneys with significant experience representing Petitioners in the Program. Instead, I find the hourly rates of $515.00 for 2024, and $560.00 for 2025, to be more appropriate. Application of the foregoing reduces the amount of fees to be awarded herein by **$1,201.00.**[4]

*B. Litigation Costs*

Petitioner has provided supporting documentation for all claimed costs. ECF No. 25-4. Respondent offered no objection to the costs claimed. I find the requested costs reasonable, and hereby award them in full.

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount is calculated as: ($563.00 - $515.00 = $48.00 x 23.20 hours billed in 2024) + ($606.00 – $560.00 = $46.00 x 1.90 hours billed in 2025) = $1,201.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $28,613.68 (representing $27,719.00 in fees plus $894.68 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.